USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/1/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Smart Team Global, LLC, <br><br> Plaintiff, <br><br> –v– <br><br> HumbleTech LLC, et al., <br><br> Defendants. | 19-cv-4873 (AJN) <br><br> OPINION & ORDER |

ALISON J. NATHAN, District Judge:

Plaintiff Smart Team Global, LLC ("STG"), a software consulting firm, brings this suit against Lin Li, a former employee, and HumbleTech, LLC, a limited liability company formed by Li and of which Li was the only member, alleging unfair competition (Count 1), breach of the common law duty of loyalty (Count 2), tortious interference with prospective economic advantage (Count 3), violation of the Virginia Uniform Trade Secrets Act (Count 4), common law misappropriation of confidential information and trade secrets (Count 5), misappropriation of trade secrets under 18 U.S.C. § 1836 (Count 6), unjust enrichment (Count 7), and forfeiture of salary and benefits (Count 8). Before the Court is Defendant HumbleTech's partial motion to dismiss Counts 1, 2, 3, 5, 6, 7, and 8 of the Amended Complaint.[1] For the reasons that follow, this motion is DENIED.

I.    BACKGROUND[2]

---

[1] Defendant Lin Li has not yet been served in this action. STG's motion to serve by alternate means, Dkt. No. 25, is pending and will be decided by the Court in due course.

[2] The following facts are drawn from STG's Amended Complaint (Dkt. No. 16) and are assumed to be true for purposes of HumbleTech's motion to dismiss. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

1

STG is a software consulting firm that specializes in advanced enterprise solutions and provides its clients with various products and services. Am. Compl. ¶¶ 11–12. STG also offers a software consulting service that assists its clients with system integration across its and others' software and services. *Id.* ¶ 13. Defendant Li began working at STG as a consultant in 2012. *Id.* ¶ 17. Through Li's positions at STG, he acquired intimate and detailed knowledge about STG's business, including but not limited to current and proposed products and services, business plans, software and other technology, client lists and information, and marketing and sales strategies. *Id.* ¶ 23. STG alleges that this information constitutes trade secrets and/or confidential and proprietary business information belonging to STG. *Id.* As an employee of STG, Li also had access to STG's password-protected computer system. *Id.* ¶ 24.

On February 25, 2018, Li abruptly announced his resignation from STG, effective March 1, 2018. *Id.* ¶ 25. Unbeknownst to STG, he had formed a competing entity in China in January 2018 and HumbleTech in New York on February 1, 2018. *Id.* While he was still employed by STG, Li began laying the groundwork to pursue two former STG clients and started to perform information governance support services through HumbleTech for both former STG clients upon his resignation from STG. *Id.* ¶¶ 29–31. According to STG, Defendants misappropriated source code for its software in order to benefit HumbleTech's clients. *Id.* ¶¶ 32–36.

Since his resignation from STG, Li has been misleading STG's potential business partners and clients, and STG's former and current employees, into believing that HumbleTech is a successor to STG, and Defendants have continued in their efforts to divert additional clients and projects away from STG. *Id.* ¶¶ 40, 43.

On May 24, 2019, STG initiated this action by filing a Complaint. *See* Dkt. No. 1. On July 3, 2019, HumbleTech moved to dismiss the Complaint, Dkt. No. 11, and on July 24, 2019,

STG filed an Amended Complaint, Am. Compl. (Dkt. No. 16). HumbleTech subsequently moved to dismiss the Amended Complaint on August 7, 2019. Dkt. No. 19. This motion was fully briefed on August 28, 2019. *See* Dkt. Nos. 19–24.

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *McCarthy*, 482 F.3d at 191.

To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, "the complaint's factual allegations must be enough to raise a right to relief above the speculative level, i.e., enough to make the claim plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (internal citations and alterations omitted) (quoting *Twombly*, 550 U.S. at 555, 570). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Generally, "the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint" may be considered in assessing whether a claim is sufficient to survive a Rule 12(b)(6) motion. *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

### III. DISCUSSION

#### A. STG's Common Law Claims Are Not Preempted by the Virginia Uniform Trade Secrets Act

The Amended Complaint asserts six common law claims, one claim under the Virginia Uniform Trade Secrets Act, and one federal statutory claim under the Defend Trade Secrets Act, 18 U.S.C. § 1836. HumbleTech argues that the six common law claims asserted in the Amended Complaint are preempted by the Virginia Uniform Trade Secrets Act—a violation of which STG pleads in Count 4 of the Amended Complaint—and thus must be dismissed.[3] The Court disagrees.

The VUTSA contains a preemption provision which provides:

A. Except as provided in subsection B of this section, this chapter displaces conflicting tort, restitutionary, and other law of this Commonwealth providing civil remedies for misappropriation of a trade secret.
B. This chapter does not affect:
1. Contractual remedies whether or not based upon misappropriation of a trade secret; or
2. Other civil remedies that are not based upon misappropriation of a trade secret; or
3. Criminal remedies, whether or not based upon misappropriation of a trade secret.

VA Code Ann. § 59.1-341.

HumbleTech argues that the common law claims asserted in the Amended Complaint are preempted by this provision because they are based on the misappropriation of trade secrets alleged in the VUTSA claim. *See* Dkt. No. 21 at 5. However, the cases HumbleTech cites in support of this argument make clear that the VUTSA's preemption provision "is intended to preclude only those common law claims . . . premised *entirely* on a claim for misappropriation of a trade secret." *See, e.g.*, *Space Sys./Loral, LLC v. Orbital ATK, Inc.*, 306 F. Supp. 3d 845, 856 (E.D. Va. 2018) (quoting *Smithfield Ham and Prods. Co., Inc. v. Portion Pac, Inc.*, 905 F. Supp.

---

[3] Because neither party has raised any dispute as to what law applies, the Court assumes for purposes of this Opinion and Order that Virginia law applies to the state-law claims alleged.

346, 348 (E.D. Va. 1995)).  Indeed, "[c]ivil remedies not exclusively based on the misappropriation of a trade secret are not preempted." *Id.*

Here, it is clear that the common law claims asserted in the Amended Complaint are not premised *entirely* on the alleged misappropriation of trade secrets.  Indeed, the unfair competition claim (Count 1) is premised on allegations that Li—alleged to be the sole member of HumbleTech[4]—has been misleading STG's potential business partners and clients into believing HumbleTech is STG's successor and appropriating STG's name and goodwill for HumbleTech's benefit.  Am. Compl. ¶¶ 40, 48.  The breach of the common law duty of loyalty claim (Count 2) is premised on allegations that Li prepared to compete with STG and divert STG's business opportunities to HumbleTech while still working at STG, convinced another STG employee to do substandard work for an STG client to enable HumbleTech to later take over the provision of services for that client, and arranged for a different STG client to begin receiving services from HumbleTech immediately upon Li's resignation from STG.  *Id.* ¶¶ 52–54.  The tortious interference with prospective economic advantage claim (Count 3) is premised on allegations that Li formed HumbleTech to compete directly with STG while still employed by STG, convinced the above-mentioned STG employee to perform substandard work for an STG client to enable HumbleTech to later take over the provision of that client's services, and arranged for a different STG client to begin receiving services from HumbleTech immediately upon Li's resignation from STG.  *Id.* ¶ 58.  The unjust enrichment claim (Count 7) is premised on allegations that Defendants wrongfully usurped STG's corporate opportunities and business

---

[4] The Court does not consider HumbleTech's argument, made for the first time in its reply, *see* Dkt. No. 24 at 7, that "Plaintiff's allegations and arguments as to Defendant Li individually have no bearing on HumbleTech's instant Motion," *see Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) ("Arguments may not be made for the first time in a reply brief.").

relationships. *Id.* ¶ 90. And the forfeiture of salary and benefits claim (Count 8) is premised on allegations that Li acted disloyally as set forth in the allegations above and, as a result, forfeited any entitlement to compensation STG paid to him during the relevant period. *Id.* ¶¶ 93–97.

Furthermore, STG makes clear in its opposition to HumbleTech's motion to dismiss that the only common law claim premised entirely on the misappropriation of trade secrets—the common law misappropriation of confidential information and trade secrets claim (Count 5)—is pleaded only in the alternative should the Court determine that the law of a state other than Virginia applies to STG's claims. *See* Dkt. No. 22 at 11. Accordingly, because none of the common law claims to which the VUTSA might apply are premised entirely on the misappropriation of trade secrets, the VUTSA does not preempt them. HumbleTech's motion to dismiss these claims on preemption grounds is therefore denied.

## B. STG's Defend Trade Secrets Act Claim is Adequately Alleged

HumbleTech further argues that the claim asserted under the federal Defend Trade Secrets Act should be dismissed for failure to state a claim. The Court again disagrees.

The DTSA provides a private cause of action to the "owner of a trade secret that is misappropriated." 18 U.S.C. § 1836(b)(1). "To state a claim for trade secret misappropriation under the DTSA, a plaintiff must plausibly allege that (1) it possessed a trade secret, and (2) the defendant misappropriated the trade secret." *Medidata Sols., Inc., v. Veeva Sys. Inc.*, No. 17-cv-589 (LGS), 2018 WL 6173349, at *3 (S.D.N.Y. Nov. 26, 2018). The DTSA defines "trade secret" to include "all forms and types of financial, business, scientific, technical, economic, or engineering information" if (1) "the owner thereof has taken reasonable measures to keep such information secret" and (2) "the information derives independent economic value . . . from not being generally known to, and not being readily ascertainable through proper means by, another

person who can obtain economic value from the disclosure or use of the information." 18 U.S.C. § 1839(3). Courts in this Circuit "routinely require that plaintiffs plead their trade secrets with sufficient specificity to inform the defendants of what they are alleged to have misappropriated." *ExpertConnect, L.L.C. v. Fowler,* No. 18-cv-4828 (LGS), 2019 WL 3004161, at *4 (S.D.N.Y. July 10, 2019) (citing *Elsevier Inc. v. Doctor Evidence, LLC*, No. 17-cv-5540 (KBF), 2018 WL 557906, at *4 (S.D.N.Y. Jan. 23, 2018) (collecting cases)).

"Under the DTSA, a complaint must plead that the defendant misappropriated a trade secret (1) by acquiring a trade secret by improper means, or (2) disclosing or using the trade secret without consent." *ExpertConnect,* 2019 WL 3004161, at *6 (quoting *AUA Private Equity Partners, LLC v. Soto*, No. 17-cv-8035 (GHW), 2018 WL 1684339, at *4 (S.D.N.Y. Apr. 5, 2018) (citing 18 U.S.C. § 1839(5))). "Improper means" include "theft, bribery, misrepresentation, [and] breach or inducement of a breach of a duty to maintain secrecy," but exclude "reverse engineering, independent derivation, or any other lawful means of acquisition." 18 U.S.C. § 1839(6).

The Amended Complaint plausibly alleges both that STG possessed a trade secret and that HumbleTech misappropriated that trade secret. Specifically, it alleges that Defendants misappropriated STG's proprietary source code for its software, *see* Am. Compl. ¶ 32; that this source code is stored in a password-protected "Bitbucket," *id.* ¶ 34; that only employees with a need to access the Bitbucket are provided with the Bitbucket password, *id.*; and that STG derives substantial value from maintaining the confidentiality of its source code because competitors are not able to easily replicate it, *id.* ¶ 35. It further alleges that Li and HumbleTech wrongfully acquired and used the source code to provide services to their clients and specifies the improper

means STG believes they used. *Id.* ¶¶ 32–36. Accordingly, because STG has adequately alleged a Defend Trade Secrets Act claim, HumbleTech's motion to dismiss this claim is denied.

## IV. CONCLUSION[5]

For the foregoing reasons, HumbleTech's partial motion to dismiss Counts 1, 2, 3, 5, 6, 7, and 8 of STG's Amended Complaint is DENIED.

The parties are ordered to appear by telephone on June 26, 2020 at 3:30 p.m. for an initial pretrial conference. They are directed to submit a joint letter and proposed case management plan to the Court 7 days prior to that conference. In their joint letter, the parties should indicate whether they can do without an initial pretrial conference altogether. If so, the Court may enter a case management plan and scheduling order and the parties need not appear.

This resolves Dkt. No. 19. Because the Court resolves this motion on the papers, HumbleTech's request for oral argument is DENIED.

SO ORDERED.

Dated: June 1, 2020
New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

[5] The Court does not consider HumbleTech's final argument that STG's claims should have been brought in China, *see* Dkt. No. 21 at 9, because HumbleTech does not seek dismissal of the Amended Complaint or any claims pleaded therein on this ground.