UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Smart Team Global LLC,

                Plaintiff,

        –v–

Humbletech LLC, et al.,

                Defendants.

19-cv-4873 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, Circuit Judge, sitting by designation:

    On March 22, 2022 the Court adopted the Magistrate Judge's Report & Recommendation in its entirety and granted in part Plaintiff's motion for default judgment against Defendants. The Court further ordered Plaintiff to submit its application for an award of its reasonable attorneys' fees and costs within thirty days of the entry of judgment. The Court now awards $142,094.73 in attorneys' fees and costs.

I. BACKGROUND

    A. Procedural History

    In May 2019, Plaintiff filed suit alleging various breach of contract claims and violations of the Virginia Uniform Trade Secrets Act, Va. Code § 59.1-336, *et seq.*, and the federal Defend Trade Secrets Act, 28 U.S.C. § 1836, *et seq*. Defendant HumbleTech appeared, and the parties engaged in initial discovery and motion practice. HumbleTech's counsel subsequently withdrew, and HumbleTech made no further effort to defend this action. Defendant Li never appeared.

    Plaintiff moved for default judgment. This Court adopted the Magistrate Judge's Report & Recommendation in its entirety and granted in part Plaintiff's motion. In doing so, it

concluded that Plaintiff had adequately demonstrated entitlement to reasonable attorneys' fees and costs pursuant to 18 U.S.C. § 1836(b)(3)(D) and Va. Code § 59.1-338.1(ii). *See* Dkt. No. 67 at 20–21.

The Court directed Plaintiff to file its motion for attorneys' fees and costs within thirty days of the entry of judgment. Judgment was entered on March 22, 2022, and Plaintiff filed the instant motion on April 22, 2022.[1] Defendants did not file an opposition.

## II.   LEGAL STANDARD

A "reasonable" fee is one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious . . . case." *Perdue v. Kenny A.*, 559 U.S. 542, 552–53 (2010). The lodestar method, which multiplies a reasonable hourly rate by a reasonable number of hours, provides a presumptively reasonable fee amount. *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

In evaluating an hourly rate, courts consider comparable market rates. *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998). As to the number of hours, courts conduct "a conscientious and detailed inquiry." *Haley v. Pataki*, 106 F.3d 478, 484 (2d Cir. 1997). Courts may reduce the award for excessive, redundant, or unnecessary billing. *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). Ultimately, the district court has "considerable discretion" in awarding attorneys' fees. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).

---

[1] The Court grants Plaintiff's request *nunc pro tunc* for a one-day extension of its deadline to submit this application. The extension is appropriate given that the one-day delay is minor, and Plaintiff's filings have otherwise been timely. *See Sinkler v. Berryhill*, 932 F.3d 83, 89–90 (2d Cir. 2019).

III.   DISCUSSION

A. Hourly Rate

Plaintiff seeks fees for thirteen legal professionals—five partners, three associates, one staff attorney, three paralegals, and one librarian.  These individuals worked across K&L Gates's numerous offices, including those in New Jersey, Chicago, and Shanghai.

K&L seeks rates for partners ranging from $440 to $825.  For S.Y. Lee, Plaintiff requests an hourly billing rate of $720 for 2019 and 2020 and $825 for 2021.  For G.P. Barbatsuly, Plaintiff requests an hourly billing rate of $575 in 2019, $625 in 2020 (discounted to $562.50 for July to December 2020), $617 for 2021 (discounted to $616.50 for January 2021), and $785 for 2022.  For Max Gu, Plaintiff requests an hourly rate of $620 for 2019 and $675 for 2020 (discounted to $620 for January to May 2020).  For K. Starshak, Plaintiff requests an hourly rate of $650 for 2019.  And for A.H. Reyes, Plaintiff requests an hourly rate of $440 for 2019.

These are the actual rates Plaintiff STG paid for K&L's services in this matter, and they are similar to the rates K&L charges to clients for similar matters.  Barbatsuly Decl. ¶ 23, Dkt. No. 73.  This supports that the rates are reasonable.  *Pichardo v. C.R. Bard, Inc.*, No. 09-cv-7653 (SHS), 2015 WL 13784565, at *6 (S.D.N.Y. Jan. 26, 2015).  The claimed rates are also comparable to those approved by courts within this district with two exceptions.  Plaintiff's requested rates for Lee in 2021 ($825 per hour) and Barbatsuly in 2022 ($785 per hour) exceed the range for partner compensation typically approved in this district.  *See, e.g.*, *Wealth Mgmt. Assocs. LLC v. Farrad*, No. 17 Civ. 1924 (KPF)(HBP), 2019 WL 5725044, at *10 (S.D.N.Y. June 21, 2019), *adopting report and recommendation*, 2019 WL 6497424 (S.D.N.Y. Dec. 3, 2019) (approving partners' hourly rates ranging from $585 to $705).  While this case was not a simple breach of contract suit, it was not unusually complex nor akin to the complex breach of

3

contract actions relied upon by Plaintiff in its motion. Accordingly, the Court reduces Lee's rate for 2021 to $720 and Barbatsuly's rate for 2022 to $700. This reduces K&L's award by $1,013.20.

K&L staffed three associates and one staff attorney on the matter. For J.D. Rinschler, Plaintiff requests an hourly rate of $425 for 2019, $485 for 2020 (discounted to $436.50 for July to December 2020), and $555 for 2021 (discounted to $499.50 for January 2021). For V.W. Mohr, Plaintiff requests an hourly rate of $355 for 2019. For S.E. Selin, Plaintiff requests an hourly rate of $385 for 2019. For C.Y. Luo, Plaintiff requests an hourly rate of $330 for 2019.

These are again the rates Plaintiff STG paid for K&L's services and are similar to the rates K&L charges to clients for associates' work in similar matters. Barbatsuly Decl. ¶ 23. This indicates that the rates are reasonable. The requests rates are also comparable to those awarded in this district for cases of similar complexity. *See, e.g. Wealth Management Associates LLC*, 2019 WL 5725044, at *10 (approving associates' rates of $220 to $450 per hour); *Manhan v. Roc Nation, LLC*, No. 14 Civ. 5075 (LGS), 2016 WL 4718018, at *2 (S.D.N.Y. Sept. 9, 2016) (approving associates' hourly rates ranging from $300 to $553). Accordingly, Plaintiff is entitled to the requested rates.

The requested rates for paralegals and other support staff are excessive, however. The three paralegals billed at rates between $320 per hour and $395 per hour. The librarian billed at $215 per hour. K&L provides no evidence justifying the requested rates and does not represent that the rates are typically charged to clients in similar matters. These rates are significantly above typical rates for paralegals and other research analysts. Courts in this district typically award no more than $200 per hour for experienced paralegals and have concluded that $75 per hour is standard. *See Vista Outdoor Inc. v. Reeves Fam. Tr.*, No. 16 Civ. 5766 (JDS), 2018 WL

3104631, at *7 (S.D.N.Y. May 24, 2018) (reducing rate for paralegals and other support staff with ten years or fewer of relevant experience to $150 in complex breach of contract action); *KCG Holdings, Inc. v. Khandekar*, No. 17 Civ. 3533 (AJN)(GWG), 2020 WL 7053229, at *6 (S.D.N.Y. Dec. 2, 2020), <u>report and recommendation adopted, 2021 WL 623927 (S.D.N.Y. Feb. 17, 2021)</u> (reducing hourly rate for paralegals to $75 and for experienced e-discovery team to $200 in trade secret misappropriation action).

Because K&L provides no evidence to justify the requested rate, the Court reduces the hourly rates for the paralegals (K.J. Doele, P.O. Farrell, and S.L. King) and librarian (H.A. Higgins) to $100. This reduces K&L's award by $1,480.95.

**B. Hours Billed**

The Court has reviewed the hours billed by K&L and concludes that a reduction for excessive, redundant, or unnecessary billing is unwarranted, with one exception. The Court excludes a redundant entry for Partner Lee billed on May 3, 2019. *See* Barbatsuly Decl., Exh. B at 7 (two entries for 1.20 hours, billed for "Review further investigation of Li and related parties; conferences with V. Mohr regarding same"). This reduces K&L's award by $864. Otherwise, the Court concludes that the total hours claimed are reasonable considering the relative complexity of the action. Although the case terminated with a default judgment, the parties also engaged in motion practice and initial discovery. And while the matter at first appears to be overstaffed with five partners and four non-partner attorneys, the vast majority of the 266.5 hours billed on the matter were worked only by three attorneys—Rinschler (Associate – 102.7 hours billed), Lee (Partner – 63.7 hours billed), and Barbatsuly (Partner – 70.4 hours billed). *Id.*, Exh. D at 2. It appears the remaining attorneys and support staff provided periodic assistance when

necessary. Accordingly, there is also no need to reduce the hours billed due to overstaffing. *See Vista Outdoor Inc.*, 2018 WL 3104631, at *9.

In sum, the Court awards K&L $139,793.62 in attorneys' fees.

### C. Costs

Finally, Plaintiff seeks to recover $2,301.11 in costs, consisting of $1,507.93 in computerized legal research costs; $400.00 in court fees; $134.20 in process server fees; $110.52 in fees from a research service, and $148.46 of courier fees. Such costs are recoverable, and Plaintiff has provided appropriate documentation for each claimed cost. *See* Barbatsuly Decl., Exhs. B, E–I; *see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany*, 369 F.3d 91, 98 (2d Cir. 2004); *Philpot v. Music Times LLC*, No. 16cv1277 (DLC)(DF), 2017 WL 9538900, at *7 (S.D.N.Y. Mar. 29, 2017).

## IV. CONCLUSION

For the foregoing reasons, Defendants are awarded $139,793.62 in attorneys' fees and $2,301.11 in costs.

This resolves Dkt. No. 71.

SO ORDERED.

Dated: June 1, 2022
      New York, New York

_____
ALISON J. NATHAN
United States Circuit Judge
Sitting by Designation